**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001055
17-NOV-2014
09:26 AM**

NO. CAAP-11-0001055

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD A. VIERRA, Claimant-Appellee,
v.
ASI SERVICES, INC., Employer-Appellant,
and
HAWAI'I EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Insurance Carrier-Appellant

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-243; (2-06-13315))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

In this workers' compensation benefits case, Employer-Appellant ASI Services, Inc. and Insurance Carrier-Appellant Hawaii Employers' Mutual Insurance Company, Inc. (collectively, "Employer") appeal from the Decision and Order of the Labor and Industrial Relations Appeals Board ("Board"), filed October 25, 2011 ("Decision"), and the Board's subsequent Order Denying Motion for Reconsideration, filed November 30, 2011.

On appeal, Employer contends that the Board (1) erred by finding and concluding in Findings of Fact ("FOF") 9, 10 and 11, and Conclusions of Law 1 and 2, that Claimant-Appellee Richard A. Vierra ("Vierra") was entitled to permanent partial disability ("PPD") benefits and compensation for the disfigurement to his left hand, which Vierra sustained following his October 24, 2006 work accident; and (2) abused its discretion by denying Employer's motion for reconsideration.

Upon careful review of the records and the briefs submitted by the parties, and having given due consideration to the arguments that they advance and the issues that they raise, we resolve Employer's points of error as follows and affirm:

(1)   In its first point of error on appeal, Employer argues that the Board erred by crediting the report prepared by Dr. Ronald O. Kienitz, D.O. following his independent medical examination of Vierra on March 24, 2008, and by disregarding Dr. Kienitz's supplemental report and the report prepared by Clifford K.H. Lau, M.D., which were both based on evidence obtained after March 24, 2008 from surveillance records and Vierra's pre-trial deposition.   Employer also contends that "[t]he [Board's] Decision inexplicably relied on Dr. Kienitz's first report although not ruling that the surveillance records, Dr. Kienitz's supplemental report[, or] Dr. Lau's report lacked reliability."

We review these assertions according to our established standards of review:

> An FOF or a mixed determination of law and fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made.

*In re Water Use Permit Applications*, 94 Hawai‘i 97, 119, 9 P.3d 409, 431 (2000).   Additionally, we ordinarily give deference to decisions of administrative agencies such as the Board when those agencies act within the scope of their expertise.   *Coon v. City & Cnty. of Honolulu*, 98 Hawai‘i 233, 245, 47 P.3d 348, 360 (2002). In so doing, we follow the established rule and

> decline to consider the weight of the evidence [considered by the Board] to ascertain whether it weighs in favor of the administrative findings, [and we will not] review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially [because the Board's] findings [are those] of an expert agency dealing with a specialized field.

*Nakamura v. State,* 98 Hawai‘i 263, 268, 47 P.3d 730, 735 (2002) (quoting *Igawa v. Koa House Rest.,* 97 Hawai‘i 402, 409–10, 38 P.3d 570, 577–78 (2001)).   As long as substantial evidence supports the Board's findings on the credibility of witnesses, we do not disturb those findings.   *See Tamashiro v. Control Specialist, Inc.* 97 Hawai‘i 86, 92, 34 P.3d 16, 22 (2001).

2

Substantial evidence is defined as "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *In re Water Use Permit Applications*, 94 Hawai'i at 119, 9 P.3d at 431 (quoting *Leslie v. Estate of Tavares*, 91 Hawai'i 394, 399, 984 P.2d 1220, 1225 (1999)).

With these standards in mind, we turn to the evidence. The Board did not ignore, but instead duly considered, both the surveillance records and each of the subsequent medical reports prepared by Drs. Kienitz and Lau. As for surveillance, the Board's FOF 4, which is unchallenged, states that its "close and specific review of the video with respect to [how Vierra used his] left hand [after the work injury] revealed that [Vierra] sometimes rubbed or massaged his left fingers with his right hand[] and held his left ring and pinky fingers in a fully flexed position." The subsequent medical reports were specifically referenced in FOFs 5 and 7. Thus, any assertion that the Board did not consider this evidence is misplaced. In sum, the Board considered and accorded sufficient weight to each of the subsequent medical reports submitted by Dr. Kienitz and Dr. Lau.

Furthermore, the Board did not err in failing to specifically rule on the reports. *See Tamashiro*, 97 Hawai'i at 92, 34 P.3d at 22 (holding that the Board did not err in according substantial weight to the testimony of certain witnesses and not according weight to others); *Delaney v. Immanuel Enterprises, Ltd.*, No. 29384, 2011 WL 5561154, at *3 (Haw. Ct. App. Nov. 15, 2011) (concluding that the Board was not required to reject in its entirety a physician's report containing improper assumptions because the Board's findings and conclusions were not a "blanket adoption" of the report in its entirety, but were also "'[b]ased on the Board's review of the record[.]'")

Employer contests Vierra's entitlement to PPD in light of what it claims is "overwhelming evidence regarding [Vierra's] false disability presentation and history of deception." The Board's determination, however, was based largely on the relative weight it accorded to medical reports and Vierra's testimony. If

3

substantial evidence supports the Board's findings that are based on the credibility of witnesses, we do not disturb them. *See Tamashiro*, 97 Hawai'i at 89, 34 P.3d at 19. Considering the Board's findings and the evidence in the record, we are not left with a definite and firm conviction that a mistake was made.

Moreover, cases offered by the Employer in support of its contention that the Board "misconstrued the evidence, used flawed reasoning[,] and applied incorrect legal principles" to reach its Decision are misplaced. In *Duque v. Hilton Hawaiian Vill.*, 105 Hawai'i 433, 440, 98 P.3d 640, 647 (2004) and *Cabatbat v. Cnty. of Hawai'i, Dep't of Water Supply*, 103 Hawai'i 1, 7-8, 78 P.3d 756, 762-63 (2003), for instance, the Hawai'i Supreme Court reversed the Board, finding that the Board erred by only considering medical reports that relied on a particular medical text to determine impairment ratings, irrespective of the physician's training and education. Here, however, the Board considered all of the evidence before it. In fact, the Board considered the video that the Director disregarded in his original decision.

Employer also attempts to analogize the instant case and *Tauese v. State, Dep't of Labor & Indus. Relations*, 113 Hawai'i 1, 147 P.3d 785 (2006). The argument seems to be that because the Board determined that the *Tauese* claimant committed fraud, it was inconsistent in its failure to reach the same conclusion about Vierra. The analogy fails.

First, the Hawai'i Supreme Court held that clear and convincing evidence was required to prove fraud, so it remanded to the Board for further proceedings because the Board erroneously applied the preponderance of the evidence test in reaching its decision. *Id.* at 36-37, 41, 147 P.3d at 820-21, 825. Second, unlike the situation in *Tauese*, we are not asked to review a fraud complaint against Vierra under HRS § 386-98(a)(8), nor does the record indicate that Employer filed such a complaint at any stage in this case. Finally, unlike its interpretation of the evidence in *Tauese*, here, the Board reviewed the surveillance video and noted that Vierra's left hand seemed affected even when he thought nobody was watching.

Based on the foregoing, we find that the Board did not err with respect to its treatment of the evidence, and we reject Employer's first point of error accordingly.

(2) In its second point of error on appeal, Employer argues that the Board abused its discretion when it denied Employer's motion for reconsideration. Employer contends that the Board's order both failed to address Employer's contention that the Decision was inconsistent with prior Board decisions in similar cases and disregarded the objective evidence of Vierra's misrepresentation of his alleged physical disability and disfigurement. We disagree.[1]/

Significantly, Employer fails to explain how, even if true, its arguments show that the Board's order denying the motion for reconsideration was an abuse of discretion.

> [T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

*Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co.*, 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002) (quoting *Sousaris v. Miller*, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000)) (internal quotation marks omitted).

Employer does not explain why an inconsistency argument of this sort does not necessarily constitute "relitigat[ion of] old matters." *Id.* at 110, 58 P.3d 608, 621; *see Tri-S Corp. v. W. World Ins. Co.*, 110 Hawai'i 473, 489, 135 P.3d 82, 98 (2006) ("A circuit court does not abuse its discretion when no new argument is presented on reconsideration." (citing *Sentinal Ins. Co. v. First Ins. Co. of Haw.*, 76 Hawai'i 277, 290, 875 P.2d 894, 907 (1994))). The substantive issues of Vierra's entitlement to PPD and the alleged misrepresentation of his condition were

---

[1]/ We reach that conclusion despite noting that the Board provided no explanation for its decision to deny the motion. None of the cases cited support the proposition that a motion for reconsideration *requires* an explanation when the moving party argues that a prior decision was inconsistent or reflected an improper weighing of the evidence. *Cf. Ryan v. Tanabe Corp.*, 97 Hawai'i 305, 315, 37 P.3d 554, 564 (App. 1999) (holding that the trial court did not "exceed[] the bounds of reason or disregard[] the rules or principles of law or practice . . . when it granted Defendant's motion for rehearing.")

thoroughly presented in the original Board proceeding. Even if we were to ignore the threshold prohibition against relitigation of old matters, Employer's cases do not establish any inconsistency on the Board's part. Consequently, the argument is unpersuasive.

Finally, Employer offers no reason why Vierra's alleged misrepresentation of his condition, a central issue in the original Board proceeding, required the introduction of new evidence that was not and could not have been presented earlier.[2/] Accordingly, we cannot hold that the Board abused its discretion in denying the motion for reconsideration, and Employer's second point of error fails.

Therefore,

IT IS HEREBY ORDERED that the October 25, 2011 Decision and Order, and the November 30, 2011 Order Denying Motion for Reconsideration of the Labor and Industrial Relations Appeals Board are affirmed.

DATED: Honolulu, Hawai'i, November 17, 2014.

On the briefs:

Brian G.S. Choy and
Keith M. Yonamine
(Choy & Tashima)
for Employer-Appellant and
Insurance Carrier-Appellant.

Jeffrey M. Taylor
for Claimant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2/] Employer cites to *Tagupa v. Tagupa*, 108 Hawai'i 459, 466, 121 P.3d 924, 931 (App. 2005), in arguing that the Board incorrectly denied the motion for reconsideration because the motion presented "important new evidence." In *Tagupa*, the Intermediate Court of Appeals held that the family court erred in denying a claim for annulment of marriage without considering a supplemental declaration containing the deposition of the respondent's undivorced living spouse. *See Tagupa*, 108 Hawai'i at 465-66, 121 P.3d at 930-31. However, Employer fails to explain, and we do not discern, how any such "important new evidence" was presented in the motion for reconsideration in this case.